BORG WARNER INTERNATIONAL CORP., Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, DOMINGO RAFFUCCI, JUDGE, Respondent; ELIEZER ECHEVARRÍA, Intervener.

No. O-70-108.    Decided March 5, 1971.

*Robert E. Schneider, Jr.,* and *Antonio Monroig Malatrasi* for petitioner. *Luis E. García Benítez* and *Raúl E. González Díaz* for intervener.

PER CURIAM: An action for the recovery of money is involved. Plaintiff, which sells electrical home appliances, alleged that it deposited merchandise on consignment with defendant, who ran two furniture stores, for the retail sale of said merchandise and that defendant sold part of the same and owes plaintiff $17,000 for that item. Plaintiff secured the effectiveness of the judgment which may be rendered against defendant by attaching the stock which defendant had in the two furniture stores, in Arecibo and Manatí and attaching two small urban lots situated in Manatí and a sublease of premises in Manatí whose monthly rent was $125. By previous stipulation of the parties to that effect, plaintiff also obtained permission from the court to recover the merchandise (refrigerators, washing machines, stoves, television sets, etc.) which was deposited on consignment in defendant's furniture stores, merchandise which was not object of the attachment, because it was plaintiff's property.

Defendant in his answer denied the debt and the other material allegations of the complaint, he alleged as an affirmative defense that he had paid plaintiff everything corresponding to the latter from the sales to which the complaint refers and established a counterclaim for two items for $8,000 and $3,000 which he alleged that plaintiff owes him and two items

of $50,000 each for damages caused to him and his wife and children. On its part, plaintiff answered denying the allegations made by defendant in his counterclaim.

After the proceedings and settings and postponements which we need not recite, it appears from the trial court's minutes of October 17, 1967, that at the request of both parties the setting of said day was set aside and they were granted a term of 30 days to carry on conversations which could possibly culminate in a compromise of the suit. The court provided that in case that such conversations did not produce a compromise, a pretrial hearing was set for November 21, 1967. The court also provided, according to the minutes, that in case no compromise was reached between the parties they should appear prepared to submit the names of special masters who could entertain the case since the parties deemed that the hearing of the same would take about a month.

From the minutes of the court of February 27, 1968, it appears that at the hearing set for that day attorneys for the parties appeared and stipulated that a special master be appointed and to those effects they submitted four names to the court. The minutes state that the court "approves the stipulation and shall appoint Mr. R. López de Victoria, Special Master in this case, subject to his approval, I mean, acceptance."

Several days later, on March 5, 1968, Mr. López de Victoria wrote to the judge that he (López de Victoria) "was willing to accept the position of Master for the payment of $5,000 as attorney's fees, which I expect the interested parties to deposit with the court."

On September 18, 1968, defendant filed a motion stating (1) that since March 5, Mr. López de Victoria accepted to be Special Master for the payment of $5,000 as fees, which he requested to be deposited with the court and (2) that in case the Master was appointed and in view of the fact that

defendant did not have sufficient funds, it was agreed that plaintiff would pay the Special Master's fees, subject to the event that if judgment would fall in favor of defendant, then half of said fees would be deducted from the sum which plaintiff would finally have to pay to defendant. He requested the court in said motion to order plaintiff to deposit with the court the $5,000 as fees for the Master.

On October 29, 1968, the Superior Court entered the following order:

"Plaintiff is ordered to deposit with the Office of the Clerk of the Court the amount of $5,000 as Special Master's fees, so that the court proceed to its formal appointment. Let it be notified."

Said order having been entered plaintiff remained silent. A month and a half later, on December 18, 1968, defendant filed a motion requesting penalties against plaintiff since the latter had not deposited the said amount nor had shown cause why it could be exempted therefrom.

On January 28, 1969, the court entered an order warning plaintiff that if it would not obey the order of October 29 within the term of 30 days penalties would be applied. Almost two months later, on March 25, 1969, defendant requested again penalties on the grounds that up to that date plaintiff had not yet obeyed the order of the court of October 29, 1968 —the one which ordered the deposit of the Master's fees.

In view of the foregoing, the court, on June 30, 1969, rendered a partial judgment where it recited the history which we have afore-sketched and ordered the following:

"Consequently, it is hereby ordered that the complaint be dismissed, its allegations eliminated and default entered as to the counterclaim, and that the hearing in default be set in the docket for Friday in this Division. Let it be notified."

On July 23, 1969, plaintiff filed a motion for reconsideration requesting the court to reconsider its partial judgment of June 30 and to proceed to take the steps to appoint a Mas-

ter with lower fees, or otherwise to consider the case on its merits. Plaintiff argued in said motion for reconsideration that it was not in condition to pay $5,000 to the Master; that said amount is excessive; and that there was no agreement that plaintiff would pay said amount to the Master.

On October 24, 1969, more than five years and seven months after the complaint was filed, plaintiff filed in the trial court a Request for Admissions with 11 paragraphs.

After several settings and postponements of the hearing about the motion for reconsideration, the same was held and the court entered an order denying said motion but granted plaintiff a final term of 30 days to deposit the Master's fees and expressed that if it would do so the sanctions imposed on it would be set aside. If it were not done so, the partial judgment of June 30, 1969 aforementioned would remain final and unappealable. On April 21, 1970, defendant informed the court that the parties had not been able to agree in connection to the compromise of the case as the proposal made to him by plaintiff was not acceptable for him.

We issued a writ of certiorari where we were requested to reverse the order of the trial court insofar as it requests the deposit or payment in advance of the Master's fees and insofar as it fixes them in $5,000. We issued the writ since prima facie the sum of $5,000 for the Master's fees seemed excessive to us in view of the fact that the sum claimed in the complaint was $17,000. On the other hand, the parties are in agreement that the accounts to be revised are voluminous and the trial could take a month or more. However, in examining in detail the record we found that plaintiff was negligent and obstinate in not taking any action nor resorting to the court during *nine months* in connection with the latter's order of October 29, 1968, about the deposit of the Master's fees.

Meanwhile, defendant requested several times the application of penalties to plaintiff and also in the interim—on January 28, 1969—the court warned plaintiff that sanctions would be applied to it if it did not obey the aforementioned order. It was not until July 23, 1969, the partial judgment on the case having already been rendered, that plaintiff appeared before the court alleging that the amount was excessive, that there was no agreement as to that particular and that if a Master who charges less could not be found, to hear the case on the merits.

For that reason—plaintiff's obstinacy—we are not going to intervene with the discretion exercised by the trial court in fixing said fees and in ordering plaintiff to deposit them. But in furtherance of justice—although late—which should be made to the parties we are going to release plaintiff from the sanctions imposed on it by the trial court by its partial judgment of June 30, 1969, in order that the case may be heard on its merits. If plaintiff believes that the amount fixed for fees is excessive, it should appeal to the trial court about that particular, as it should have done timely.

The case will be remanded to the trial court for further proceedings not inconsistent with the decision herein.

Mr. Justice Martínez Muñoz did not participate herein.